IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNA WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, AS TRUSTEE FOR ARGENT | § | CIVIL ACTION NO. H-17-2231 |
| SECURITIES INC., ASSET-BACKED | § | |
| PASS-THROUGH CERTIFICATES, | § | |
| SERIES 2003-W10; OCWEN LOAN | § | |
| SERVICING, LLC; and BUCKLEY | § | |
| MADOLE, P.C., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Donna Walker ("Walker" or "Plaintiff") sued defendants Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W10 ("Deutsche Bank"), Ocwen Loan Servicing, LLC ("Ocwen"), and Buckley Madole, P.C. ("BPC") (collectively, "Defendants") in the 295th Judicial District Court of Harris County, Texas, under Cause No. DC-2017-39739.[1] Plaintiff's Petition seeks declaratory relief and asserts claims against Deutsche Bank for breach of contract and breach of the Texas Debt

---

[1]*See* Plaintiff's Original Petition ("Plaintiff's Petition"), Exhibit C-1 to Notice of Removal, Docket Entry No. 1-3.

Collection Act ("TDCA"), Tex. Fin. Code § 392.304(a)(8), and against Ocwen and BPC for breach of the TDCA and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e.[2] Defendants timely removed the action.[3] Pending before the court are Defendants Deutsche Bank National Trust Company, as Trustee, and Ocwen Loan Servicing, LLC's Motion for Summary Judgment ("Deutsche Bank/Ocwen's MSJ") (Docket Entry No. 16) and Buckley Madole, P.C.'s Motion for Summary Judgment ("BPC's MSJ") (Docket Entry No. 23). For the reasons stated below, both motions will be granted, and this action will be dismissed with prejudice.

## I.  Background

In October of 2003 Plaintiff signed a Promissory Note ("Note") originally payable to Argent Mortgage Company, LLC.[4] Contemporaneously, Plaintiff and her then-husband, James D. Snowden ("Snowden"), executed a Texas Home Equity Security Instrument ("Deed of Trust") securing repayment under the Note with an interest in real property located in Pearland, Texas (the "Property").[5]  The Note and Deed of Trust were subsequently

---

[2]See Plaintiff's Petition, Exhibit C-1 to Notice of Removal, Docket Entry No. 1-3, pp. 10-16.

[3]See Notice of Removal, Docket Entry No. 1.

[4]See Texas Home Equity Adjustable Rate Note, Exhibit A-1 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, p. 8.

[5]See Texas Home Equity Security Instrument, Exhibit A-2 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, p. 12.

assigned to Deutsche Bank, the current mortgagee on the loan.[6] Plaintiff and Snowden divorced in 2007, and Plaintiff conveyed to Snowden all her rights, title, and interest in the Property via a Special Warranty Deed.[7]

Plaintiff first defaulted on the Note in 2004.[8] The Note has since been through what Deutsche Bank and Ocwen call "a series of cycles involving a payment default, notice of acceleration, the filing of an application for order permitting non-judicial foreclosure under Rule 736 of the Texas Rules of Civil Procedure, and then the making and acceptance of payments on the Loan, only for the cycle to then repeat."[9] During this cycle Defendants accelerated the Note in 2005, 2009, and 2011.[10] Defendants also applied for and obtained four separate orders under Texas Rule of Civil Procedure 736 ("Rule 736") allowing non-judicial foreclosure

---

[6]See Corporate Assignment of Deed of Trust, Exhibit A-3 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, p. 31.

[7]See November 18, 2013, Letter from Donna Walker to Ocwen, Exhibit 2 to Plaintiff's Response to Defendants' Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 21-2.

[8]See Notice of Intention to Foreclose [2004], Exhibit A-4 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, pp. 35-36.

[9]See Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16, p. 3.

[10]See Notice of Acceleration Judicial Foreclosure Pursuant to Art. XVI § 50(a)(6) of Texas Constitution [2005], Exhibit A-5 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, p. 37; Notice of Acceleration [2009], Exhibit A-11 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, p. 63; Notice of Acceleration of Loan Maturity [2011], Exhibit A-16 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, p. 87.

on the Property.[11]  After each acceleration, Plaintiff or Snowden would make (and Defendants would accept) payments on the Note.[12]

Litigation ensued after Plaintiff and Snowden's fifth default on the Note.  Defendants sent a new notice of default and intent to accelerate on August 30, 2013.[13]  Defendants accelerated the loan balance on October 7, 2013.[14]  Defendants also filed a fifth Rule 736 application on June 3, 2014.[15]  In response, Snowden filed a lawsuit against Deutsche Bank, Ocwen, and a law firm, Mackie Wolf Zientz & Mann, P.C. ("MWZM"), alleging that Deutsche Bank failed to foreclose on the Property within the time limit provided by the Texas Civil Practice and Remedies Code and that its lien on the

---

[11]See Order Granting Rule 736 Application for Foreclosure of Home Equity Lien [2005], Exhibit A-7 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, pp. 46-48; Order to Proceed with Notice of Foreclosure Sale and Foreclosure Sale [2007], Exhibit A-9 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, pp. 55-56; Order to Proceed with Notice of Foreclosure Sale and Foreclosure Sale [2009], Exhibit A-13 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, pp. 71-73; Home Equity Foreclosure Order [2012], Exhibit A-18 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, pp. 95-96.

[12]See Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16, p. 3.

[13]See Notice of Default and Intent to Accelerate [2013], Exhibit A-19 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, p. 100.

[14]See Notice of Acceleration of Loan Maturity [2013], Exhibit A-20 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, p. 104.

[15]See Application for an Expedited Order Under Rule 736 on a Home Equity Loan, Exhibit A-21 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, pp. 107-10.

Property had therefore expired.[16]  Snowden also alleged that Deutsche Bank, Ocwen, and MWZM each violated the FDCPA and TDCA by misrepresenting that Deutsche Bank's lien on the Property was valid and by improperly threatening foreclosure.[17]  This court issued an opinion holding that Deutsche Bank had a valid lien on the Property and granting summary judgment for Deutsche Bank, Ocwen, and MWZM. Snowden v. Deutsche Bank National Trust Company, Civil Action No. H-14-2963, 2015 WL 5123436 (S.D. Tex. Aug. 31, 2015). Plaintiff was not a party in the Snowden litigation.[18]

Plaintiff filed this action on June 14, 2017, alleging that the Note and Deed of Trust are invalid on the same basis alleged and rejected in Snowden -- that Defendants' lien on the Property has expired and that Defendants therefore have no right to foreclose on the Property.[19]  Defendants subsequently abandoned the 2013 acceleration by written notice on July 7, 2017.[20]

---

[16]Snowden v. Deutsche Bank National Trust Company, Civ. Act. No. H-14-2963, 2015 WL 5123436, at *2-*4 (S.D. Tex. Aug. 31, 2015).

[17]Id. at *4.

[18]See Docket in H-14-2963, Snowden v. Deutsche Bank National Trust Company, et al. (S.D. Tex.).

[19]See Plaintiff's Petition, Exhibit C-1 to Notice of Removal, Docket Entry No. 1-3, p. 6.

[20]See July 7, 2017, Letter from Michael R. Steinmark to Donna Walker, James Snowden, and Ira Joffe, Exhibit B-2 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-2, pp. 5-6.

## II.  Motions for Summary Judgment

Defendants claim that they are entitled to summary judgment on two different bases:  First, Deutsche Bank and Ocwen argue that Plaintiff's claims are barred by res judicata.  Second, Deutsche Bank, Ocwen, and BPC all argue that they are entitled to summary judgment because there are no genuine disputes of material fact regarding any of Plaintiff's substantive claims.

### A.  Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2510 (1986).  The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986).

 A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not <u>negate</u> the elements of the nonmovant's case."  <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting <u>Celotex</u>, 106 S. Ct. at 2553).  "If the moving party fails to meet

-6-

this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

## B. Res Judicata

The doctrine of claim preclusion, or res judicata, "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" Kaspar Wire Works, Inc. v. Leco Engineering and Machine, Inc., 575 F.2d 530, 535 (5th Cir. 1978). The goal of claim

preclusion is to guard against multiple lawsuits between the same parties adjudicating the same issues. See id. A claim is barred by res judicata if

> (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.

Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005). Two actions involve the same claim for res judicata purposes if they involve a common nucleus of operative fact. Agrilectric Power Partners, Ltd. v. General Electric Co., 20 F.3d 663, 665 (5th Cir. 1994) (internal quotations omitted).

A non-party can be bound by a prior judgment under res judicata principles if a party to the original suit is "so closely aligned to the non-party's interests as to be his virtual representative." Meza v. General Battery Corp., 908 F.2d 1262, 1267 (5th Cir. 1990) (citing Aerojet-General Corp. v. Askew, 511 F.2d 710, 719 (5th Cir.), cert. denied, 96 S. Ct. 210 (1975)). Binding a non-party this way "requires more than a showing of parallel interests or, even, a use of the same attorney in both suits." Freeman v. Lester Coggins Trucking, Inc., 771 F.2d 860, 864 (5th Cir, 1985). Under Texas law parties can be in privity in at least three ways: "(1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest,

deriving their claims through a party to the prior action."
Amstadt v. United States Brass Corp., 919 S.W.2d 644, 653 (Tex.
1996). A subsequent plaintiff is in privity with a prior plaintiff
when "the parties share an identity of interests in the basic legal
right that is the subject of the litigation." Id.

Deutsche Bank and Ocwen argue that this court's judgment in
Snowden, 2015 WL 5123436, bars Plaintiff's claims. Plaintiff does
not dispute that this court had jurisdiction in Snowden, or that
Snowden ended in a final judgment on the merits.[21] The same claims
are involved in both cases: Plaintiff now asserts claims that are
virtually identical to those asserted in Snowden based on the same
factual allegations.[22] The court also concludes that Plaintiff and
Snowden are in privity. Plaintiff acknowledges that she conveyed
all of her interest in the Property to Snowden. Plaintiff and
Snowden's legal rights are both derivative of their interest in the
same real property and the contracts associated with it: the Note
and Deed of Trust. Plaintiff and Snowden are also represented by
the same attorney. The court therefore concludes that Plaintiff's
claims against Deutsche Bank and Ocwen are barred by res judicata.

---

[21]The court granted summary judgment for the defendants in
Snowden that disposed of all of Snowden's claims against the
defendants.

[22]Snowden involved the same Note and Deed of Trust on the same
real property, and the claims in both this case and Snowden arose
from the same challenged conduct by Deutsche Bank and Ocwen.

## C.  Validity of the Deed of Trust

Under Texas law a real property lien and the power of sale to enforce it become void if a lender does not foreclose within four years of the day the borrower's cause of action accrues.  Tex. Civ. Prac. & Rem. Code § 16.035; Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 567 (Tex. 2001).  "If a note secured by a real property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated."  Khan v. GBAK Properties, Inc., 371 S.W.3d 347, 353 (Tex. App. -- Houston [1st Dist.] 2012, no pet.).  A note is effectively accelerated once the noteholder sends the borrower (1) notice of intent to accelerate and (2) notice of acceleration. Holy Cross, 44 S.W.3d at 566.  A noteholder that exercises its option to accelerate has a statutory right to abandon acceleration before the limitations period expires, restoring the contract to its original condition, including the note's original maturity date.  Khan, 371 S.W.3d at 353; Tex. Civ. Prac. & Rem. Code § 16.038.[23]  A noteholder can abandon acceleration by sending a notice to the borrower pursuant to § 16.038 of the Texas Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem. Code § 16.038. A noteholder who abandons acceleration pursuant to § 16.038 thus no longer needs to foreclose within four years from the date of

_____

[23]The court is not persuaded by Plaintiff's argument that § 16.038 is unconstitutional.  See Plaintiff's Response, Docket Entry No. 21, pp. 13-16.

-10-

acceleration because § 16.038 provides that the note continues to be governed by § 16.035 as though no acceleration had occurred. Id. A noteholder can also abandon acceleration by continuing to accept payments. Holy Cross, 44 S.W.3d at 567. A noteholder may abandon acceleration even after obtaining an order of foreclosure pursuant to Rule 736. Biedryck v. U.S. Bank National Association, No. 01-14-00017-CV, 2015 WL 2228447, at *4-*5 (Tex. App. -- Houston [1st Dist.] May 12, 2015, no pet.).

Defendants first accelerated the Note in 2005, and thereafter, Plaintiff or Snowden made payments on the loan, which Defendants accepted. Defendants therefore abandoned the July 2005 acceleration. After Defendants accelerated the Note in 2009, Plaintiff or Snowden again made payments on the Note and Defendants accepted those payments. Defendants therefore abandoned the May 2009 acceleration. Defendants accelerated the Note for a third time in July 2011, and thereafter Plaintiff or Snowden made payments on the Note, which Defendants accepted. Defendants therefore also abandoned the July 2011 acceleration. As the court held in Snowden, Defendants therefore abandoned each of the 2005, 2009, and 2011 accelerations. See Snowden, 2015 WL 5123436 at *3-*4.[24]

Defendants accelerated the balance of the loan again in August of 2013. Plaintiff's causes of action based on this acceleration

---

[24]See also Loan Repayment Histories, Exhibit A-24 to Deutsche Bank/Ocwen's MSJ, Docket Entry No. 16-1, pp. 135-70.

accrued in August of 2013. The four-year statute of limitations would therefore expire in August of 2017. On July 7, 2017, less than four years after the 2013 acceleration, counsel for Defendants sent to Plaintiff a notice rescinding or waiving all prior accelerations on the Note pursuant to Texas Civil Practice and Remedies Code § 16.038. Plaintiff does not allege that Defendants' notice failed to meet the requirements of § 16.038. Defendants therefore successfully abandoned the 2013 acceleration in July of 2017, before the statute of limitations imposed by § 16.035 expired. Plaintiff's claims against Defendants rely on the invalidity of Defendants' lien on the Property. Because the statute of limitations on Defendants' right to enforce the lien has not expired, the Note and Deed of Trust remain valid and enforceable. Plaintiff's claim against Deutsche Bank for breach of contract therefore fails as a matter of law, and Plaintiff is not entitled to declaratory relief.

## D. FDCPA and TDCA Claims

Plaintiff alleges that Deutsche Bank, Ocwen, and BPC violated the TDCA, Tex. Fin. Code § 392.304(a)(8), and that Ocwen and BPC violated the FDCPA, 15 U.S.C. § 1692e, by misrepresenting that the lien on the Property was valid and by improperly threatening to institute foreclosure proceedings.[25] As discussed above, Defendants

---

[25]See Plaintiff's Petition, Exhibit C-1 to Notice of Removal, Docket Entry No. 1-3, pp. 10-16.

-12-

have a valid lien on the Property, and therefore have not misrepresented their right to foreclose on the Property. Plaintiff's TDCA claims against Deutsche Bank, Ocwen, and BPC and Plaintiff's FDCPA claims against Ocwen and BPC therefore fail as a matter of law.[26]

## III.  Conclusion

For the reasons stated above, Defendants are entitled to summary judgment on Plaintiff's claims for two reasons.  First, Plaintiff's claims against Deutsche Bank and Ocwen are barred by res judicata.  Second, Defendants are entitled to summary judgment because there are no genuine issues of material fact with respect to Plaintiff's substantive claims.  The summary judgment evidence establishes that Defendants abandoned the 2005, 2009, 2011, and 2013 accelerations, meaning that the statute of limitations imposed by Tex. Civ. Prac. & Rem. Code § 16.035 has not expired. Defendants' lien on the Property therefore remains valid.

Accordingly, Defendants Deutsche Bank National Trust Company, as Trustee, and Ocwen Loan Servicing, LLC's Motion for Summary Judgment (Docket Entry No. 16) is **GRANTED**; Buckley Madole, P.C.'s

---

[26]The court need not discuss any potential immunity from suit that BPC may enjoy under Texas law because Plaintiff has failed to demonstrate the existence of a genuine issue of material fact regarding her substantive claims against BPC, and BPC is entitled to judgment as a matter of law.  See BPC's MSJ, Docket Entry No. 23, pp. 4-6.

-13-

Motion for Summary Judgment (Docket Entry No. 23) is **GRANTED**; and

this action will be dismissed with prejudice.

    **SIGNED** at Houston, Texas, on this 20th day of February, 2019.

                                              _____

                                              SIM LAKE
                                  UNITED STATES DISTRICT JUDGE